IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELIA ROMERO et al., | Case No. 10-CV-05833-EJD |
| Plaintiff(s), | **ORDER[1] DISMISSING FEDERAL CLAIMS AND REMANDING TO STATE COURT** |
| v. | |
| THE MORTGAGE COMPANY et al., | |
| Defendant(s). | |

Currently pending before the Court are three motions: (1) Plaintiff's Motion to Remand, (2) Defendants JPMorgan Chase Bank and Chase Home Finance's Motion to Dismiss, and (3) Defendants BAC Home Loans Servicing and Mortgage Electronic Registration Systems' Motion to Dismiss. For the reasons set forth below, Plaintiffs' federal claims are dismissed with prejudice, the case is remanded to the Superior Court for the County of Santa Clara, and the motions are denied as moot.

**I. BACKGROUND**

In October 2007, Celia Romero and Julian Ramos ("Plaintiffs") entered into a $679,000 mortgage loan agreement using The Mortgage Company as a broker. The note was secured by a deed of trust on their Campbell, California home, with JP Morgan Chase Bank, N.A. as lender and beneficiary, Chase Home Finance LLC as servicer, and Chicago Title Company as trustee. Romero

---

[1] Not for publication in the official reports.

and Ramos also entered into a $30,000 balloon payment note secured by a subordinate deed of trust with E-Loans as the lender, BAC Home Loans Servicing, LP ("BAC") as the servicer, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Chicago Title Company again as the trustee. This was Romero and Ramos' fourth refinancing. Compl. ¶ 31. Romero and Ramos were unable to afford the payments on the mortgage and eventually defaulted. The property entered foreclosure and was scheduled for sale on December 10, 2010.

Plaintiffs filed their complaint on December 1, 2010, in the Superior Court for the County of Santa Clara, pleading eighteen state law causes of action relating to the formation of the mortgage contract and the parties' present rights with respect to the real property in Campbell. Defendants removed the matter to the U.S. District Court on the grounds that a number of those purportedly state-law causes of action raise necessary, substantial, and disputed federal issues giving this Court federal question subject matter jurisdiction under 28 U.S.C. § 1331.[2] Shortly after removal, Plaintiffs filed a motion to remand the case to state court, while two separate groups of Defendants moved to dismiss the complaint.[3]

In the time since those motions were filed, the case has been reassigned twice among judges of the Northern District of California. After each of these reassignments, the Defendants (but not the Plaintiffs) renoticed their motions, and all appearing parties filed joint case management statements representing that they believe that subject matter jurisdiction "is proper as the claims involve matters arising under federal law." (Dkt. nos. 39 & 54.) But since parties cannot consent nor stipulate to subject matter jurisdiction, the Court reviews the issue on its own motion.

**II. SUBJECT MATTER JURISDICTION**

A court must have subject matter jurisdiction over a claim in order to decide it on the merits. The bases for original subject matter jurisdiction in federal district court are (1) the existence of a

---

[2] Only BAC and MERS were parties to the Notice of Removal since no other defendants had been properly served at the time of filing. Notice of Removal ¶ 7.

[3] BAC and MERS filed one motion to dismiss; the two Chase defendants filed the other.

2

federal question, 28 U.S.C. § 1331; and (2) diversity of citizenship between the parties, 28 U.S.C. § 1332. A court may also exercise supplemental jurisdiction over state law claims which are related to claims over which the court has original jurisdiction. 28 U.S.C. § 1367. District courts have federal question jurisdiction over claims "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28 (1983).

A suit may be removed from state court to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The Court must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendants' Notice of Removal alleges only federal question jurisdiction, and it is apparent from the complaint that the parties are not diverse.

**A. Grounds for Federal Jurisdiction Raised in the Notice of Removal**

Defendants removed this case asserting that Plaintiffs' causes of action for an "Accounting" and for "Unjust Enrichment" raise federal questions under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). Specifically, Defendants based removal on two points: first, that ¶¶ 117–18 of the complaint, though they appear under the cause of action entitled "Accounting," actually request rescission of the loan agreement based on inadequate disclosures under TILA; and second, that the allegations of ¶¶ 125–126 (under the "Unjust Enrichment" cause of action) hinge on whether the "yield spread premium" incorporated into Plaintiffs' loan was unlawful under RESPA. These arguments are addressed in turn.

1. *TILA (Rescission)*

Paragraphs 117–18 of the complaint read,

> 117. The finance charge on the ARM was understated by $1481.60, which creates an extended right to rescind when in foreclosure. On the Second, the finance charge was overstated by $189.29, and the amount financed was understated by $189.29, thereby

3

>making the Truth in Lending Disclosure non-compliant.
>
>118. There was only one copy provided of a Right to Cancel Document with the Subject Loan to Ms. Romero, and Mr. Ramos was not provided a copy. Each individual is required to have two copies. Also, the starting and ending dates of Rescission are blank. This creates an Extended Right for Plaintiffs to Rescind.

The disclosure requirements alluded to in paragraph 117 arise out of 15 U.S.C. § 1638(a) and § 226.18 of Regulation Z (codified at 12 C.F.R. § 226.18). The requirement mentioned in paragraph 118 is found at 12 C.F.R. § 226.23(b), and the right to cancel itself arises out of 15 U.S.C. § 1635(a). Together with the prayer for rescission (Compl. p. 29, ¶ 6), this is plainly an artfully pled TILA claim, not a request for an accounting. This Court therefore construes ¶¶ 117–18 of the complaint as a separate cause of action for rescission under TILA.

The TILA "extended" right to rescind has a firm, three-year statute of limitations. 15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410 (1998). Plaintiffs entered into the mortgage in October 2007 (Compl. ¶ 25), but the instant complaint was not filed until December 1, 2010, more than three years later. Moreover, 15 U.S.C. § 1635(f) is a statute of repose not subject to equitable tolling. Taylor v. Money Store, 42 Fed. App'x. 932 (9th Cir. 2002). As a result, under Ninth Circuit law, this Court lacks subject matter jurisdiction to even entertain the claim. See Roberts v. WMC Mortgage Corp., 173 Fed. App'x. 575 (9th Cir. 2006). Accordingly, to the extent that Plaintiff requests rescission under TILA, that claim is **DISMISSED WITH PREJUDICE**.

2. *Unjust Enrichment Based on a Yield Spread Premium*

Paragraphs 125–126 of the complaint read,

>125. The Yield Spread Premium that was incorporated into the Plaintiffs' loan increased Plaintiffs' monthly payments over the life of the loan.
>
>126. Defendants and their successors in interest have taken unearned fees and have been unjustly enriched, therefore they should not be allowed to keep these payments.

Defendants contend that this claim turns on whether there was a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, which bears the heading "Prohibition against kickbacks and unearned fees." In support of this argument, Defendants point to ¶ 16 of the Complaint (from its "Parties and Background" section), in which the Plaintiffs allege that

4

"Defendants . . . were subject to and must comply with . . . the [RESPA]."

Unjust enrichment is not an independent cause of action under California law; rather, it is a synonym for the remedy of restitution. See Melchior v. New Line Productions, Inc., 106 Cal. App. 4th 779, 793 (2003). Moreover, the allegations of ¶¶ 125–26 recite the language of RESPA. Accordingly, the Court construes plaintiff's unjust enrichment "cause of action" as a RESPA claim under 12 U.S.C. § 2607. That claim is time-barred, however. RESPA claims are subject to a one-year statute of limitations. 12 U.S.C. § 2614. Thus, the statute of limitations expired in October 2008.

Plaintiffs argue that any statutes of limitations should be equitably tolled. Compl. ¶ 33. To justify equitable tolling, a plaintiff must show that she could not have discovered the facts giving rise to the claim using reasonable diligence. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996); De Jose v. EMC Mortg. Corp., 2011 WL 1539656, at *8 (N.D. Cal. Apr. 18, 2011). Here, the Plaintiffs discovered the information giving rise to the claim upon an audit of their own files. Compl. ¶ 30. Equitable tolling is therefore inappropriate. Glaser v. Advantage Financial, 2011 WL 1740082, at *4 (N.D. Cal. May 5, 2011). Plaintiffs' RESPA claim under 12 U.S.C. § 2607 is **DISMISSED WITH PREJUDICE**.

**B. Grounds for Federal Jurisdiction Not Raised in the Notice of Removal**

In their opposition to Plaintiffs' motion to remand, Defendants raised two new bases for federal subject matter jurisdiction. New grounds for federal jurisdiction not raised in the Notice of Removal would not be considered if the Court were ruling on Plaintiffs' motion to remand for improper removal. But as the Plaintiffs have abandoned their motion to remand, the issue of jurisdiction is before the Court on its own initiative. The Court will only remand the case for lack of jurisdiction, not a mere defect in removal procedure, so the additional grounds are considered as well.

1. *California's Unfair Competition Law and Breach of the Covenant of Good Faith and Fair Dealing*

Defendants argue that Plaintiffs' cause of action for violation of California's Unfair

Competition Law raises a federal question. Plaintiffs' UCL claim is based on allegations that Defendants violated of a number of state statutes along with TILA and its corresponding regulations. See Compl. ¶ 66. When a claim "can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Critoerion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996). Because Plaintiffs' UCL claim may be supported by the violations of the state statutes alone, the alleged TILA violation is not a necessary element of the UCL claim and does not give rise to federal question jurisdiction.

Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing is likewise supported by a number of separate allegations, some of which would also constitute violations of federal laws such as TILA and RESPA. Compl. ¶ 47. But it is also independently supported by other facts that have no relationship to federal law. Id. The claim does not turn on a necessary question of federal law and thus does not give rise to federal jurisdiction.

2. *Usury*

Finally, Defendants argue that the Court should read a usury claim into the Complaint; such a claim would be completely preempted by the National Bank Act and serve as a basis for removal. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). The basis for this claim would be two separate sentences in the Complaint:

> 47. Plaintiffs is [sic] informed and believes, and thereon alleges, Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiffs when Defendants:
> [ . . . ]
> f. Attempted and did place Plaintiffs into usurious transactions that any reasonable mortgage broker or mortgage lender would know would ruin Plaintiffs financially; [ . . . ]
> [ . . . ]
> 108. Defendants, and each of them, with intent to deceive Plaintiffs to consent to the loan, knew or should have known Plaintiffs were not capable of understanding or comprehending *the true cost of the loan*, which costs Defendants, and each of them, did fraudulently conceal from Plaintiffs. (emphasis added)

Paragraph 47 is found under a state cause of action for the breach of the covenant of good faith and fair dealing, while paragraph 108 is included within a cause of action for rescission.

6

The claim for breach of the covenant of good faith and fair dealing does not depend on the unlawfulness of the rate of interest charged by the Defendants. Paragraph 47(f) focuses not on whether the interest rate was objectively unlawful, but rather on whether the Defendants knowingly placed the Plaintiffs into a loan they personally could not afford.

Likewise, paragraph 108 is not part of an artfully-pled claim of usury, but instead an allegation in support of Plaintiffs' claim under California Civil Code § 1632, which requires, for some classes of transactions, that the paperwork finalizing those transactions be in the same language in which negotiations were conducted. The allegation does not imply that the cost was unlawfully high, but merely that Plaintiffs did not understand the cost. The former might be a federal claim, but the latter is not.

The Court therefore declines to read a usury claim into the Plaintiffs' complaint.

**C. Supplemental Jurisdiction**

All claims giving rise to original jurisdiction being dismissed, the Court declines to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3).

**III. ATTORNEY'S FEES**

An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); Martin v. Frankin Capital Corp., 546 U.S. 132, 134 (2005). Plaintiffs sought such an award here. But, as the Supreme Court has instructed, courts should award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. Defendants advanced an "objectively reasonable" basis for federal jurisdiction: they relied on Plaintiffs' own allusions to federal statutes in the complaint. Moreover, Plaintiffs' request for fees lacked any supporting declaration or affidavit accounting for the requested $3,000 award, as is required under Civ. L.R. 54-5(b). Lastly, the Court is remanding the case on its own initiative since the Plaintiffs either abandoned or failed to prosecute their own motion. For these three reasons, Plaintiffs' request for attorney's fees is **DENIED**.

**ORDER**

Good cause therefor appearing, Plaintiffs' TILA rescission and RESPA (12 U.S.C. § 2607) claims are DISMISSED WITH PREJUDICE as to all Defendants, and this matter is REMANDED to the Superior Court of the State of California, County of Santa Clara. In light of the remand, both motions to dismiss (dkt. no. 18 renoticed at dkt. no. 53, and dkt. no. 22 renoticed at dkt. no. 52) and Plaintiffs' Motion to Remand (dkt. no. 11) are DENIED AS MOOT. Plaintiffs' request for attorney's fees is DENIED. The clerk is directed to close the file, terminate all pending motions, and transmit the file to the Superior Court for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: June 28, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Angela Elaine Kleine akleine@mofo.com
Deborah Anne Goldfarb deborah.goldfarb@bryancave.com
Goli Mahdavi gmahdavi@yaronlaw.com
Gregory P. Dresser gdresser@mofo.com
Ronald Veridiano Uy rvulaw1@yahoo.com
Stevan John Henrioulle rvu_lawoffice@yahoo.com

**Dated:  June 28, 2011**                                              **Richard W. Wieking, Clerk**

**By:     /s/ EJD Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**

**United States District Court**
For the Northern District of California